# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL DOWLING,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| V. | ) CIVIL ACTION NUMBER: |
| | ) |
| **MIDLAND FUNDING, LLC;** | ) JURY TRIAL DEMANDED |
| **MIDLAND CREDIT** | ) |
| **MANAGEMENT, INC.** | ) |
| | |
| **DEFENDANTS.** | |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Michael Dowling, by and through undersigned counsel, and for his complaint states as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendants transacted business in this district, and the Plaintiff resides in this district.

## PARTIES

2.    The Plaintiff is a resident and citizen of the State of Alabama, Jefferson, and is over the age of twenty-one (21) years.

3.    The Defendant, Midland Funding LLC ("Midland"), is incorporated in Delaware and was, in all respects and at all times relevant herein, doing business in

the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State.  Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Jefferson, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

4.     The Defendant, Midland Credit Management, Inc. ("MCM" or collectively with Midland as "The Defendants"), is incorporated in Delaware and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State.  Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Jefferson, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).  MCM is the servicer of accounts for Midland.

5.     All events herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Lawsuit #1

6.     On March 25, 2017, Midland & MCM brought a lawsuit against Dowling in the District Court of Jefferson County, Alabama alleging Midland owned a delinquent account between Plaintiff and Synchrony Bank, an entity not a party to this lawsuit.

7.     That lawsuit was assigned case number DV-2017-901370.

8. Midland & MCM claimed Dowling owed it $6,005.45.

9. Dowling denied these allegations.

10. On May 22, 2017, the District Court held a bench trial in which Midland failed to prove the $6,005.45 amount. No witnesses were called and Midland did not even attempt to offer any evidence. As a result, the Court entered judgment against Midland and in favor of Dowling.

**Lawsuit #2**

11. On May 12, 2017, Midland & MCM brought yet another lawsuit against Dowling in the Small Claims Court of Jefferson County, Alabama alleging Midland owned a delinquent account between Dowling and Synchrony Bank, an entity not a party to this lawsuit.

12. This lawsuit was assigned case number SM-2017-902950.

13. Midland & MCM claimed Dowling owed it $4,109.19.

14. Dowling denied these allegations.

15. On July 31, 2017, the District Court held a bench trial in which Midland failed to prove the $4,109.19 amount. As before, no witnesses were called and Midland did not even attempt to offer any evidence. As a result, the Court entered judgment against Midland and in favor of Dowling.

16. Defendants' actions constitute a pattern and practice of initiating lawsuits against consumers without the intent to prove the allegations.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

17. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

18. The Defendants have engaged in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*. Specifically, The Defendants have misrepresented the amount of the alleged debt.

19. As a result of the Defendants' actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, actual damages, and punitive damages.

## COUNT TWO
## NEGLIGENCE AGAINST THE DEFENDANTS

20. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

21. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

22. The Defendants knew or should have known that said conduct was improper.

23. The Defendants negligently failed to prevent and/or participated in improper collection activities.

24. As a result of The Defendants' negligence, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESSNESS AND WANTONNESS AGAINST THE DEFENDANTS

25. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

26. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

27. The Defendants knew or should have known that said conduct was improper.

28. The Defendants recklessly and wantonly failed to prevent and/or participated in improper collection activities.

29. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## MALICIOUS PROSECUTION

30. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

31. Defendant Midland Funding, LLC sued the Plaintiff two times over two alleged accounts.

32. Midland Funding, LLC lacked probable cause to file the lawsuit.

5

33. Midland Funding, LLC maliciously filed the lawsuits against the Plaintiff.

34. The lawsuits both ended in favor of Michael Dowling and against Midland Funding, LLC.

35. As a result of Midland Funding, LLC's two frivolous lawsuits, Plaintiff was harmed.

## COUNT FIVE
## ABUSE OF PROCESS

36. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

37. Defendant Midland Funding, LLC filed two lawsuits against the Plaintiff alleging that it acquired the two debts from third parties and represented that it owed the alleged debts and that Michael Dowling was indebted to Midland Funding, LLC.

38. Defendant Midland Funding, LLC never had any intent to prove any claim against the Plaintiff, but rather had an ulterior purpose when it filed the two lawsuits against the Plaintiff.

39. The ulterior purpose was to attempt to force Plaintiff into paying Midland Funding, LLC for debts that Midland either could not or refused to establish by any competent evidence were owed to it by Plaintiff or to obtain a default

judgment against the Plaintiff without any competent evidence supporting Midland's claims.

40. Midland Funding, LLC was aware, at the time these lawsuits were filed, that it would never attempt to prove its claims and would never bring witnesses to Court or admit competent evidence in support of its claims.

41. Midland Funding, LLC was aware that its conduct would harm the Plaintiff either by forcing him to pay a debt that Midland Funding, LLC itself knew it would not or could not prove or, alternatively, by obtaining a default judgment against Michael Dowling on a debt Midland Funding, LLC knew it would not or could not prove in a court of law.

42. This conduct by Midland Funding, LLC is all too common in Alabama state courts and constitutes a widespread pattern and practice against Alabama consumers, such as Michael Dowling.

## **AMOUNT OF DAMAGES DEMANDED**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the Defendants as follows:

A. Declaratory judgment that the Defendants' conduct violated the FDCPA and state law;

B. Statutory damages;

C. Compensatory, actual and punitive damages;

D.      Costs and reasonable attorneys' fees;

E.      Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/S/ W. WHITNEY SEALS
W. WHITNEY SEALS
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & COCHRUN, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
whitney@cochrunseals.com

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
Telephone: (205) 378-8121
Fax: (205) 690-4525
jch@jchubbardlaw.com

**PLAINTIFF'S ADDRESS:**

Mr. Michael Dowling
1786 Moton Street
Leeds, AL  35094

**Plaintiff's request that the Defendant be served the Summons and Complaint via certified mail, return receipt requested to the following:**

**MIDLAND FUNDING, LLC**
C/O Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL  36104

**MIDLAND CREDIT MANAGEMENT, INC.**
C/O Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL  36104